## MOMENTARY FORGETFULNESS IN A PLACE OF DANGER.

Circuit Court of Hamilton County.

### J. Q. MARTIN, ADMINISTRATOR, v. CINCINNATI TRACTION CO.

Decided, February 15, 1908.

*Negligence—Street Car Conductor Knocked from Car—At a Point of
    Known Danger—Roof Projected Almost to Line of Car—Unfortu-
    nate Warning Caused Accident—Assumed Risk—Pleading—Cause
    Arrested from Jury.*

Where a street car conductor, in response to the warning "Look out,"
    projects his head beyond the line of the car and is struck by a pro-
    jecting roof and killed, the question of contributory negligence be-
    tween him and the superior who gave the warning would be one for
    the jury; but in the absence of any averment that the conductor
    did not know of the projecting roof, and the evidence indicating
    that he must have known of it if he exercised ordinary care, it
    was not error for the court to take the case from the jury on the
    ground of assumed risk.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The negligence charged in the petition is as follows:

"Said building or shed was negligently and carelessly con-
structed and maintained by said defendant in this, that the roof
of said building or shed was so negligently and carelessly con-
structed that said roof extended or projected over the building
or shed to the danger of the lives of those who were ordered, and
of the intestate, to take cars into the barn or car shops of the de-
fendant over the tracks adjoining said building or shed, all of
which was known to the defendant. That on said day while
said building or shed was so maintained plaintiff's intestate was
directed and ordered by the defendant to take, as a conductor, a
disabled car to the Chester Park shops, * * * and while plac-
ing said car where directed by the defendant, and without fault
or negligence on his part, * * * was crushed between a Cin-
cinnati traction car and the extended or projecting roof."

The testimony shows that the car would pass the projecting
roof, and could be operated in safety by the employes, if they
remained within the outer lines of the car; and that both the
motorman and the deceased conductor were looking forward

when the car barn boss, who was directing them where to place the car hallooed "look out," and "he put his head out."

The sudden call of the boss to "look out" seems to have been the only occasion for the conductor putting his head out beyond the line of the car. In his effort to obey the warning and ascertain the cause of it, he momentarily forgot the existence of the obstruction and looked out on the side of the car where the boss was standing on the running board. Under such circumstances he was not guilty of contributory negligence, nor was the conduct of the boss negligent; but if it was, there is no such charge in the petition.

It may be observed, however, that the conductor was probably dangerously near the obstruction when the warning was given, as there appears no other reason for it. In that event the question of contributory negligence would be one for the jury, but in neither event could the court determine the question as matter of law. If the negligence of the defendant in constructing the projecting roof be admitted (and we are not prepared to say that it would be), then the only ground upon which the court was justified in arresting the case from the jury was the assumed risk.

While the plaintiff avers in his petition that the defendant knew of the dangerous condition of the place where the work was done, he fails to aver that it was unknown to his intestate. The evidence also showed that it was obvious and must have been known to the intestate, if he exercised ordinary car. It appears therefore from the pleadings as well as the evidence that he assumed the risk. *Coal & Car Co.* v. *Norman,* 49 O. S., 598; *The Pennsylvania Co.* v. *McCurdy,* 66 O. S., 118.

The evidence of the plaintiff presented one of those unfortunate cases for which the law affords no relief, and the court properly instructed the jury to return a verdict for the defendant.

Judgment affirmed.

*C. L. Swain* and *Thos. L. Michie,* for plaintiff in error.
*Outcalt & Hickenlooper,* for defendant in error.